UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Melinda Rupp,<br>Plaintiff,<br><br>v.<br><br>Industries for the Blind and Visually Impaired, Inc.,<br>Defendant. | CASE NO.: 2:26-cv-1038-RMG-SVH<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) (ADA), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5; and violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et. seq*.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of disability discrimination and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notice of the Right to Sue was received from EEOC on or about December 18, 2025.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4. The Defendant owns and operates a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. The Plaintiff, Melinda Rupp, is a citizen and resident of Dorchester County, South Carolina.

6. The Defendant, Industries for the Blind and Visually Impaired, Inc., is upon information and belief, is a foreign corporation organized in the State of Wisconsin, and operating under the laws of the State of South Carolina located in this judicial district.

7. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

8. Defendant is a "person" within the meaning of §701 Title VII; ADA; FMLA; and ADEA.

9. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e; and ADA.

10. The Defendant employs fifty (50) or more employees and are an "employer" within the meaning of the FMLA.

11. The Plaintiff is entitled to the protection of the Family and Medical Leave Act (FMLA) on account of his own serious health condition, as well as his need for and use of medical leave protected by the act.

12. The Defendant is an industry that affects commerce within the meaning of the Title VII; ADA; and FMLA.

13. The parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

14. On or about February 19, 2016, Plaintiff began working for the Defendant. At all times, the Plaintiff was efficient and effective in her work, receiving positive employee evaluations.

15. In or around October 2019, Plaintiff suffered a stroke and had to go out on FMLA leave. The Plaintiff returned to work on or about May 4, 2020, on a part-time basis, which Defendant accommodated.

16. The Plaintiff was able to return to full-time work on or about August 3, 2020.

17. On or about October 1, 2024, the Plaintiff began to be discriminated against based on her disability (cognitive function) which was a complication that came after her stroke, as well as her age, by her supervisor, Lindy Cobb. Ms. Cobb would make comments encouraging Plaintiff to retire soon because of her age and disability.

18. The Plaintiff reported the discrimination to another manager, Debra Walker, but nothing was done.

19. In or around March 2025, Plaintiff notified her supervisor that Plaintiff's mother had become very ill and would be admitted to hospice care, and that Plaintiff would need to take FMLA leave to care for her mother.

20. Plaintiff's request for FMLA leave went unanswered by Defendant, and Defendant failed to provide FMLA leave for a qualified event.

21. Plaintiff has suffered permanent medical disabilities. Plaintiff continues to suffer from medical conditions through the present time. Plaintiff is an individual with a "disability" within the meaning of Sec. 3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2). More particularly, the Plaintiff has a physical impairment that substantially limits one or more of her major life activities and has a record of such impairment.

22. Despite Ms. Cobb being aware of Plaintiff's disability due to her stroke, Plaintiff was terminated on or about April 1, 2025, by the Human Resources Generalist, Emily Bryant.

23. At all times prior to and at the time of the incident, Plaintiff acted in a prudent and reasonable manner and in no way contributed to her termination.

24. Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job and other jobs in Defendants' employment, and who requested reasonable accommodation.

25. The Plaintiff asserts that the reasons given for her termination and loss of employee benefits were a mere pretext for the discrimination against Plaintiff based on her disability and use of FMLA leave.

26. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

27. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Plaintiff's employment discrimination as alleged above.

28. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

29. As alleged above, Plaintiff has a medical disability. Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.

30. Plaintiff informed Defendant of her disability and required accommodations. Plaintiff requested accommodation and periodic medical leave due to her disability. Defendant denied Plaintiff's request for accommodation and terminated Plaintiff's position and caused her to lose pay and benefits, including but not limited to health benefits, in retaliation for her medical disability.

31. Defendant, its agents and employees, without just cause refused to provide accommodations to Plaintiff due to her medical disability and continues to refuse to employ

Plaintiff forcing her to lose pay and all of his benefits in violation of the Americans with Disabilities Act.

32. The acts and conduct of Defendant set forth above were against public policy and were conducted in bad faith.

33. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and pay.

34. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

35. The acts of the Defendant violated the Family and Medical Leave Act as it was in retaliation for Plaintiff taking leave under FMLA.

## FOR A FIRST CAUSE OF ACTION
### Violation of Americans with Disabilities Act

36. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

37. Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

38. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of her disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

39. Defendant has discriminated against Plaintiff, a handicapped person, without reasonable justification as prohibited by §102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

40. Despite being a person with a disability, the Plaintiff can perform the essential functions of her job.

41. Defendant denied Plaintiff's request for reasonable accommodation and has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodation for employment.

42. Based on Plaintiff's disability and request for accommodation, Defendant retaliated against the Plaintiff in her employment, in violation of the Act.

43. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Violation of Family and Medical Leave Act

44. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

45. The Plaintiff is informed and believes that upon her request, she was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.) and Defendant's discipline against Plaintiff and discharge of her employment as a result of her having requested such leave is a violation of her rights under said statute.

46. The Plaintiff had to take leave because of a serious medical condition – cognitive function and complications that came after a stroke – and those are serious medical conditions as defined by the Act.

47. The Defendant is a qualified "employer" subject to the said Family and Medical Leave Act and this Court has jurisdiction to enforce the provisions of said statute as it is a federal statute.

48. The Defendant's discipline against Plaintiff and discharge of Plaintiff following her notification of her medical condition and request for medical leave constituted a violation of the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

49. The Defendant's actions were done willfully, maliciously, wantonly and were done recklessly in an intentional action designed to damage the Plaintiff.

50. Accordingly, Plaintiff is informed and believes that she is entitled to compensatory damages in the nature of the value of her lost wages and benefits, front pay, together with prejudgment interest thereon, as well as liquidated damages, punitive damages and her reasonable attorney's fees and costs for bringing this action.

## FOR A THIRD CAUSE OF ACTION
### Retaliation

51. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

52. As alleged above, Plaintiff informed the Defendant of her disability and requested accommodation.

53. That Plaintiff's complaints were made in good faith, and constituted protected activity under Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 and violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq*.

54. That shortly after informing the Defendant of Plaintiff's disability, and upon return from Plaintiff's FMLA leave, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

55. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

56. The Plaintiff's request for accommodation and use of FMLA leave were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's request for accommodation and use of FMLA leave, she would not have been terminated.

57. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

58. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 and violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq*.

59. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 and violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq*.

60. The Defendant violated Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 and violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq*. and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

61. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

62. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. An Order that Plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon, had he been kept in her proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. An award for mental anguish, mental suffering, stress, humiliation, etc., and the medial bills related to the treatment of these conditions;

6. An award of Plaintiff's attorney fees, including litigation expenses, prejudgment interest, and the costs of this action; and

7. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

                                **WIGGER LAW FIRM, INC.**

                                s/*Matthew O. King*
                                Matthew O. King (Fed. I.D. #13793)
                                Attorney for Plaintiff
                                8086 Rivers Avenue, Suite A
                                N. Charleston, SC 29406
                                843-553-9800

North Charleston, South Carolina
March 11, 2026